Making intoxicating liquor; from Emanuel superior court—Judge Camp presiding. October 1, 1927.

*I. W. Rountree, Alfred Herrington Jr.,* for plaintiff in error.

*A. S. Bradley, solicitor-general,* contra.

---

18575. McDonough *v.* Atlanta Barbers Supply Company.

Broyles, C. J. The petition failed to set out a cause of action, and was properly dismissed on demurrer.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

Decided January 10, 1928.

Action for damages; from city court of Atlanta—Judge Dorsey. September 22, 1927.

Mrs. Vannie McDonough sued Atlanta Barbers Supply Company for damages because of alleged injury to her "beauty parlor" business from the operation of a "permanent-wave machine" purchased by her from the defendant. Her petition alleged, that she purchased the machine to be used in giving permanent waves to customers of her beauty parlor, and, after the defendant installed it, she asked the defendant's agent or representative who installed it if the machine was all right and ready for use, and told him that she had a customer coming about two hours later; he told her that the machine was ready and that there was nothing to do but to get to work, and she asked him if the current and voltage were right and sufficient to do the work; he told her it was O K; so she went to work using the machine as he told her to do. She continued for at least fifteen or twenty days, when, to her surprise, she discovered that every wave she had given had come out, and all the customers commenced to come back to her for their money, which she had to refund or else do the work over at great cost to her. She was just starting up business for herself and during this time did work for representative ladies in each section of the city of Atlanta and for ladies in small towns in the country surrounding Atlanta, and was getting all the work she could do, and was building up a business which had in store great things for her in the future, when suddenly the news scattered that her waves were not staying in, and her business dropped off in a few days to almost

---

Negligence, 29 C. J. p. 565, n. 75.

nothing. She took the matter up with the defendant at different times with the view of finding what the trouble was, but the defendant did not take any interest in the matter and would not come or send a representative to her place of business to make an investigation. It developed that the cause of the waves not staying in was that the current at the machine was only about 100 volts, when it should have been 110 volts, and investigation disclosed that there were 110 volts at the switch in the house in which the machine was operated. The defendant therefore was guilty of gross negligence in telling plaintiff, who knew nothing about it herself, that the machine was all right and ready for use, when he knew or by the exercise of ordinary care could have ascertained that the voltage at the machine was only 100 volts and insufficient. The defendant was negligent in allowing its representative who installed the machine to tell plaintiff that the current was all right and sufficient when in fact it was not. Plaintiff relied on the representations made by the defendant's agent, believing them to be true, and went ahead with her work, giving permanent waves to all her customers that came in. All the waves would come out in just a day or two, and she thereby sustained damage to her reputation to an extent that is almost not computable in money, besides having to refund large sums in cash to the customers that she worked for during those days. The defendant was negligent in not making a test of the machine to determine whether there was sufficient voltage and heat to give the desired effect; it was guilty of gross negligence in failing to do so, and is liable to her for whatever her damage is. Plaintiff is an expert in her line of business, and enjoyed an enviable reputation, doing her work in an efficient and satisfactory manner before her experience with the defendant and this machine. It developed in the investigation as to the cause of her customers' waves not staying in that the wiring from the switch to the machine in said house was not large enough to carry 110 volts, and she had another wire put in at her own expense, which cost her about $30, and "as soon as she did that her waves are all staying in beautifully." These representative ladies in these various communities were going to send her from one to possibly a dozen customers each, provided their waves stayed in; their waves did not stay in, and therefore she lost all these prospective customers that she would have got if the waves

had stayed in. Plaintiff was free from all fault and negligence in the premises and could not by ordinary care and diligence have avoided the result of the defendant's negligence. Her damages are laid at $10,000.

The demurrer was on the ground that no cause of action was set out, and that the damages were speculative, imaginary, and too remote for recovery.

*John W. Morrow,* for plaintiff.　　*J. A. Miller,* for defendant.

---

### 18582. NEWTON *v.* CITY OF MOULTRIE.

BROYLES, C. J. 1. Where a father sues for damages for the homicide of his son, and the petition fails to allege that the mother of the deceased son was dead at the time of the homicide, no cause of action is shown in the father, and the petition should be dismissed on demurrer. *Dellinger* v. *Elm City Cotton Mills,* 26 *Ga. App.* 780 (107 S. E. 264), and cit.

2. "No person, firm or corporation, having a claim for money damages against any municipal corporation of this State on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place and extent of such injury, as near as practicable, and the negligence which caused the same, *and no such suit shall be entertained by the courts against said municipality until the cause of action therein has been first presented to said governing authority for adjustment."* (Italics ours.)　Civil Code (1910), § 910.

3. In a claim for money damages against a municipal corporation on account of injuries to person or property, the petition must affirmatively allege a compliance with the provisions of the code-section quoted above, and unless it does so, it should be dismissed on demurrer. *Saunders* v. *City of Fitzgerald,* 113 *Ga.* 619 (38 S. E. 978).

4. This was a suit for damages, brought by a father against the City of Moultrie, for the homicide of his son. The petition failed to allege that the mother of the deceased son was dead at the time of the homicide. The written claim presented to the governing authorities of the city, as required by section 910 of the Civil Code of 1910, also failed to make that allegation. Subsequently the plaintiff amended his petition by alleging that the mother of the deceased son was dead at the time of the homicide. *Held,* that the original petition set forth no cause of action, and the cause of action set forth in the amended petition was not presented to the governing authorities of the City of Moultrie for adjust-

---

Death, 17 C. J. p. 1289, n. 92.

Municipal Corporations, 43 C. J. p. 1184, n. 26; p. 1194, n. 30 New; p. 1229, n. 42.